IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JERAMY PUTT                                                                                                   PLAINTIFF

v.                                           2:23-cv-00002-LPR-JJV

JOHNNY CHEEKS, Sheriff,
Arkansas Detention Center; *et al.*                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### I.  INTRODUCTION

Jeramy Putt ("Plaintiff") is a prisoner at the Arkansas County Detention Center. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.)

### II.  SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

1

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff says in August 2022, his unspecified constitutional rights were violated when his inmate trust account was "frozen" due to a criminal investigation. (Doc. 2 at 4.) In October 2022, $1775 was taken from Plaintiff's trust account to pay state court fines and fees, and then the hold was reinstated.[1] As relief, asks the Court to remove the hold on his inmate account.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the United States Supreme Court held a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state court proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *See also Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012). If these three elements are met, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Assn.,* 457 U.S. 423, 435 (1982).

From the Complaint, it appears a state criminal investigation against Plaintiff is ongoing, the state clearly has an important interest in enforcing its criminal justice procedures, and Plaintiff will have the opportunity to raise his constitutional claims during his state proceedings. Furthermore, there is no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. Thus, *Younger* abstention applies. Because Plaintiff seeks an injunction requiring the removal of the hold on his account, this case should be dismissed rather than stayed. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 604-

---

[1] According to the financial records attached to the IFP Application (Doc. 1 at 5-6) and public state court records, $1775 was paid pursuant to state court orders to satisfy judgments for fees and fines in the criminal cases of *State v. Putt*, 01SCR20-154 and *State v. Putt*, 01SCR19-192. *See Levy v. Ohi*, 477 F.3d 988, 991 (8th Cir. 2007) (a court may take judicial notice of information in the public record).

05 (8th Cir. 1999); *Night Clubs, Inc. v. City of Fort Smith*, Ark.163 F.3d 475, 481 (8th Cir. 1998).

Further, to the extent Plaintiff may be asserting a due process challenge to the withdrawal of $1775 from his account, a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff can file, in *State v. Putt*, 01SCR20-154 and *State v. Putt*, 01SCR19-192, petitions or other appropriate motions seeking return of the funds that were paid from his inmate account to satisfy the judgments in those cases. Additionally, Plaintiff could file a conversion action, in state court, against his custodians if any of the funds from his inmate account were wrongfully taken. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision). Because he has these available state remedies, Plaintiff has not pled a plausible due process claim.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of January 2023.

                                                _____
                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE